UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

v.                                                                                          Criminal Action No. 2:04cr112

**CHARLES L. HOPE,**

      **Defendant.**

## ORDER AND OPINION

Currently before the court is defendant Charles L. Hope's motion for modification of his federal sentence. Specifically, defendant requests that the sentence he received in federal court be designated to run concurrent with state prison sentences previously imposed. Although defendant cites no statutory authority for such a modification, this court will construe his motion as brought under Title 18, United States Code Section 3582. Because this court does not have jurisdiction over defendant's claim, however, it is **DISMISSED**.

**I.**     **Factual Background**

On June 14, 2004 a grand jury indictment was filed, charging defendant with five counts of fraudulent use of a social security number, false declaration under penalty of perjury, and bankruptcy fraud. On July 20, 2004, defendant, after entering into a written plea agreement with the United States, pleaded guilty to Count Five of the indictment, which charged him with bankruptcy fraud. On October 26, 2004, this court sentenced defendant to a term of imprisonment of thirty months.

## II.     Procedural History

Defendant subsequently wrote several letters to the court and to the Clerk's Office, requesting information in regard to his counsel. The court forwarded each letter received to defendant's counsel at trial and to the counsel for the government. Defendant's letter dated April 23, 2005 was construed by this court as a motion to modify his sentence pursuant to FED. R. CRIM. P. 35(b). The court responded on April 29, 2005, informing defendant that the court had no authority to review his sentence based on substantial assistance provided to the government until and unless the government filed a motion under Rule 35(b). The court advised defendant that the filing of such a motion was within the sole discretion of the United States government.

On May 12, 2005, defendant filed a Motion to Modify Sentence, which this court construed as a motion to compel the government to file a motion to modify his sentence pursuant to Rule 35(b). The court, in a letter dated May 19, 2005, forwarded copies of the May 12, 2005 motion to counsel for the government and defendant's trial counsel. The court advised counsel that it was placing defendant's motion and his letter of April 23, 2005 under seal as a result of specific information it detailed about criminal activity. Defendant sent a letter on June 14, 2005, which indicated his confusion as to the court's action of placing his May 12, 2005 motion under seal.

This court, in an order dated June 22, 2005, denied defendant's motion to compel the government to file a motion under Rule 35(b), noting that it was solely the government's province to determine whether such a motion should be filed. In response, on June 30, 2005, defendant filed a motion to have his federal sentence run concurrent with a state sentence previously imposed. Although defendant did not indicate any authority for such a motion, this

court will construe it as brought under 18 U.S.C. § 3582(c).

The United States, on July 1, 2005, filed a response to defendant's motion, noting that because the government has not filed a motion for reduction of sentence under Rule 35(b), defendant's motion is improper. The matter is now before the court.

**III.   Discussion**

Title 18, United States Code Section 3582(c) permits a court to modify a term of imprisonment that has already been imposed, but restricts the power to the limited circumstances where the Director of the Bureau of Prisons moves for a modified sentence or the defendant has provided substantial assistance to the government within the meaning of FED R. CRIM. P. 35(b), and only then permits modification on the motion of a party other than the prisoner. Significantly, a defendant's motion for modification under § 3582(c) may only be brought if a sentencing range has been subsequently lowered by the United States Sentencing Commission. 18 U.S.C. § 3582(c)(2) (2005).

Defendant alleges that he has received multiple state sentences, which were modified to run concurrent with any other sentence imposed upon him. He claims that, because the issue of whether the sentence imposed by this court should run concurrent to those sentences was never addressed at his sentencing in this court, he is entitled to have the issue addressed at the present time. However, it is clear that this court is without jurisdiction to hear defendant's claim, because the government has not moved for a reduction of defendant's sentence pursuant to FED. R. CRIM. P. 35(b) nor for a modification of his sentence pursuant to 18 U.S.C. § 3582(c). In the absence of such a motion by the government, this court is not permitted to modify petitioner's

3

sentence.  See 18 U.S.C. § 3582(c).

Even were this court to construe, as the United States did, defendant's motion as brought pursuant to Rule 35(b), it is clear that defendant is not entitled to relief.  As defendant is aware from this court's order of June 22, 2005, it is within the government's sole discretion to determine whether a Rule 35(b) motion is warranted.  In the instant case, the government has thus far declined to file such a motion, and defendant is without power to compel them to do so. Defendant's motion to modify his sentence is therefore denied.

**III.   Conclusion**

For the reasons discussed above, the defendant's motion is **DENIED** and **DISMISSED**. The court reminds petitioner that it can take no action with respect to modifying his sentence without the motion of the United States to do so.

The Clerk is **REQUESTED** to send a copy of this Order to the defendant, to his trial counsel, and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suit 1800, 101 West Main Street, Norfolk, Virginia, 23510.

The court **ADVISES** the defendant that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within ten (10) days after entry of this Order.  Fed. R. App. P. 4(b)(1)(A).

It is so **ORDERED**.

                                                          /s/
                                        Jerome B. Friedman
                                UNITED STATES DISTRICT JUDGE

July 15th, 2005
Norfolk, Virginia